SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

BENJAMIN T. KENNEDY (CASBN 241350)
Assistant United States Attorney

150 Almaden Boulevard
San Jose, California 95113
Telephone: (408) 535-5059
Facsimile:  (408) 535-5066
Email: benjamin.t.kennedy@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 9/19/07*

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   CR 07-00434 RMW |
| Plaintiff, | STIPULATION AND [] ORDER EXCLUDING TIME FROM SEPTEMBER 17, 2007 TO OCTOBER 1, 2007 FROM THE SPEEDY TRIAL ACT CALCULATION (18 U.S.C. § 3161(h)(8)(A)) |
| v. | |
| ELMER OCHOA-ALVAREZ, | |
| Defendant. | |

The parties stipulate that the time between September 17, 2007 and October 1, 2007 is excluded under the Speedy Trial Act, 18 U.S.C. §3161, and agree that the failure to grant the requested continuance would unreasonably deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Finally, the parties agree that the ends of justice served by granting the requested continuance outweigh the best interest of the public, and the defendant in a speedy trial and in the prompt disposition of criminal cases.

//

1

1. 18 U.S.C. §3161(h)(8)(A).

DATED: September 17, 2007        SCOTT N. SCHOOLS
                                  United States Attorney


                                  ___/s/_____
                                  BENJAMIN T. KENNEDY
                                  Assistant United States Attorney


                                  ___/s/_____
                                  CYNTHIA LIE
                                  Assistant Federal Public Defender

**ORDER**

Based upon the stipulation of the parties, and for good cause shown, the Court HEREBY ORDERS that the time between September 17, 2007 and October 1, 2007 is excluded under the Speedy Trial Act, 18 U.S.C. §3161.  The court finds that the failure to grant the requested continuance would unreasonably deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Furthermore, the Court finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases.  The court therefore concludes that this exclusion of time should be made under 18 U.S.C. §3161(h)(8)(A).

IT IS SO ORDERED.

DATED: 9/19/07

_____
RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE